Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY AUTOMOTIVE LENDER NETWORK,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

Plaintiff ROBERT WILSON ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant TRINITY AUTOMOTIVE LENDER NETWORK (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its refinancing services and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2. Defendant is a corporation with principal place of business in Orange, CA and state of incorporation in California and is engaged in the automotive refinancing industry.

3. Defendant represents that it's refinancing offers will include certain promised benefits, which it does not actually provide. Specifically, Defendant represents to its consumers if customers utilize their refinancing services, Defendant would pay $1,000.00 cash back, as well as a 60 day grace period of no payments. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated consumers these refinancing services, claiming that they came with advertised benefits which it did not intend on ever providing (hereinafter "Class Products").

4. Plaintiff and others refinanced with Defendant over other refinancing providers due to the offers of $1,000.00 cash back as well as a 60 period of no payments.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to refinance their loans with the Defendant, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendant and its employees. In so doing,

Defendant has violated California consumer protection statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6. Consumers choose to refinance their vehicle loans with the Defendant based on the specific offers of $1,000.00 cash back and 60 days of no payments offered by the Defendant.

7. Consumers rely on the representations and advertisements of the lender, in order to choose which lender to refinance with. Price and features are important and material to consumers at the time they sign up for services refinancing with particular providers, as consumers are sensitive to the cost of refinancing, compared to what they could obtain in offers from a competitor refinance company.

8. Defendant is engaged in the refinancing of vehicle loans but informing consumers that they did not "qualify" for offers advertised, which did not state they were dependant on approval. These offers include cash back offers of $1,000.00, and a promise of no payments for 60 days.

9. Defendant profits from refinancing consumer auto loans. Without the offer of cash back and no payments for sixty days, many of the consumers would not have chosen Defendant's refinancing services, or would have chosen to purchase refinancing services from a competitor.

10. In the case of Plaintiff, the Defendant refused to honor the $1,000.00 cash back that was advertised, and required Plaintiff to make payments immediately despite the promise of 60 days without payments.

11. Defendant conceals the fact that it will not abide by the offers it advertised, in order to deceive consumers signing up for refinancing with Defendant. Once Defendant reveals it will not abide by the offers it advertised,

1  Plaintiff and similarly situated consumers have already signed refinancing
2  agreements with the Defendant.
3      12.    Defendant makes written and oral representations of false offers that
4  will not be honored after the consumer signs up for service.
5      13.    The aforementioned written and oral representations are objectively
6  false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et.
7  seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof.
8  Code §§ 17200 et. seq., and further constitute a violation of Cal. Civ. Code §§
9  1750 *et. seq*.
10     14.    Defendant's violations of the law include, but not limited to, the false
11 advertising, marketing, representations, and sale of the falsely advertised Class
12 Products to consumers in California.
13     15.    On behalf of the class, Plaintiff seeks an injunction requiring
14 Defendant to cease advertising and selling the refinancing services (ie the "Class
15 Products") in a manner that is deceptive, to disclose all hidden fees in a
16 conspicuous manner at or prior to the point of sale, and an award of damages to
17 the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

19     16.    This class action is brought pursuant to Federal Rule of Civil
20 Procedure 23. All claims in this matter arise exclusively under California law.
21     17.    This matter is properly venued in the United States District Court for
22 the Central District of California, in that Plaintiff purchased the refinancing
23 services from Defendant, whose address is represented publicly to be in Orange
24 County, and Defendant provided the services to Plaintiff in that location. Plaintiff
25 resides in California and Defendant does business, <u>inter alia</u>, in the Central District
26 of California.
27     18.    The Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4

(Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

19. In the case at bar, there are at least 100 members in the proposed Class. However, Plaintiff is unaware of the aggregate total claims of the proposed Class. Thus, at this stage, it is unknown whether the claims of California class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs.

## THE PARTIES

20. Plaintiff Robert Wilson is a citizen and resident of the State of California, County of Sonoma.

21. Defendant Trinity Automotive Lender Network is a corporation company with its principle place of business located and headquartered in Orange, California. Defendant's State of Incorporation is in California.

22. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

23. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees,

CLASS ACTION COMPLAINT

agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

24.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein

## PLAINTIFF'S FACTS

25.     In or around May 2020, Plaintiff purchased Defendant's refinancing services.  Defendant represented to Plaintiff that if Plaintiff refinanced his automobile loan with Defendant, he would get $1000.00 cash back, and 60 day grace period in which he would not have to make any payments.

26.     Plaintiff agreed to refinance with the Defendant, and signed the requisite paperwork to do so.

27.     The following month, Plaintiff's car lender had not yet been paid off by the Defendant. When Plaintiff inquired into the refinance status, Defendant stated that Covid-19 pandemic had slowed its operations and that Plaintiff needed to continue to make payments, despite it's 60 day grace period promise of no payments. Plaintiff was also informed that he would not be receiving the $1,000.00 cash back that was promised and advertised to Plaintiff.

28.     In reliance on Defendant's representations, Plaintiff signed a contract with Defendant. Incredibly, Frontier never applied any cash back to Plaintiff's account, and refused their 60 day grace period without payments, despite their representations.

29.     As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, and anxiety.

30.     Plaintiff alleges on information and belief that Defendant advertises cash back and payment-free grace periods to customers in order to sign them up for refinancing services, and then once the consumers sign contracts with the

Defendant, refuse to honor the advertised offers. Plaintiff asserts that this practice constitutes a fraudulent omission of a material fact relating to the cost of services, that would be important to a reasonable consumer to know at the time they sign up for services with Defendant.

31. Plaintiff alleges on information and belief that it is Defendant's policy and practice to represent to consumers, including Plaintiff, that they will be given certain benefits, including cash-back and payment free grace periods, which it does not intend on honoring after the consumer is signed up for refinancing services. Plaintiff asserts that this practice constitutes a fraudulent affirmative representation of a material fact relating to the cost of service, which would be important to a reasonable consumer to know at the time they sign up for services with Defendant.

32. Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the benefits of its services, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the offers and advertisements, in order to induce their purchase of refinancing services from Defendant over law abiding competitors.

33. Defendant has a duty to disclose the true cost and fees associated with their refinancing services to consumers, prior to the time that they agree to purchase services from Defendant. Defendant has a duty to disclose these material terms, because such terms would be highly important to a reasonable consumer, because a failure to disclose such terms would have the effect of drastically and unexpectedly elevating the price of Defendant's services for consumers, and because Defendant binds consumers to contracts of terms, thereby preventing consumers from easily getting out of their obligations with Defendant.

34. Upon learning that Plaintiff would not be receiving the promised cash-back or grace period, Plaintiff felt ripped off and cheated by Defendant.

35. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

36. Defendant expressly represented to Plaintiff, through written statements, the price of its products and services.

37. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase refinancing services.

38. In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

39. Such representations were clearly false because Defendant refused to honor it's advertised promotions.

40. Plaintiff would not have purchased the products and services if she knew that the above-referenced statements made by Defendant were false.

41. Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products and services.

42. Plaintiff agreed to give his money, attention and time to Defendant because of the benefits and offers that were advertised. Defendant benefited from falsely advertising the benefits of the service. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

43. Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the refinancing services would have believed that it was the price it actually way.

44. On information and belief, thousands of consumers have issued complaints online about similar experiences with Defendant. It is this practice that Plaintiff seeks to put an end to, and recover compensation for class members.

45. Defendant's conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer

would believe that they would obtain the advertised benefits and promotions, and other related charges, even Defendant never intended to follow through on it's advertised promises.

46. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on debts that are not owed.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

48. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products in the State of California, and whose refinancing offers included $1,000.00 cash back and 60-day no payment grace period.

49. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

50. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

51. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

52. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

53. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

CLASS ACTION COMPLAINT

54. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

55. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

    (c) Whether Defendant profited from the sale of the wrongly advertised refinancing services;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiff and Class Members.

56. Plaintiff is a member of the Class she seeks to represent

57. The claims of Plaintiff are not only typical of all Class members, they are identical.

58. All claims of Plaintiff and the Class are based on the exact same legal theories.

59. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

60. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

61. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

62. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

63. Plaintiff incorporates by reference each allegation set forth above.

64. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

65. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

66. Defendant misled consumers by making misrepresentations and

untrue statements about the Class Products, namely, Defendant made false representations to Plaintiff and other putative class members in order to solicit their consumer transactions.

67. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

68. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention. Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up without the promised benefits and promotions, and therefore Plaintiff and other Class Members have suffered injury in fact.

69. Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

70. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be of a particular price.

71. Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

72. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until

forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

73. Plaintiff incorporates by reference each allegation set forth above.

74. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

75. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

76. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

77. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

78. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain price, in order to induce them to spend money on said Class Products. In fact, knowing that Class Products did not come with the promised benefits, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

79. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members

that the Class Products were not advertised at the price that would actually be charged to consumers. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to refinance with the Defendant, despite them not coming with the advertised promotions and benefits. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

80. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

81. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

82. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

83. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they came with promised benefits and promotions, when in fact they did not. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

84. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain price when in

reality they were a significantly higher price, and thus falsely represented the Class Products.

85. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

86. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

87. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as coming with promised benefits and promotions that they did not.

88. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

89. These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

90. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

91. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

92. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

93. Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendant at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  June 30, 2021        Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC


By: /s Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff ROBERT WILSON